**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

EDGAR SANTIAGO ASIMBAYA JARAMILLO,

Petitioner,

v.

RAUL MALDONADO, WARDEN, METROPOLITAN DETENTION CENTER, Brooklyn, New York;

KENNETH GENALO, Acting Field Office Director, New York City Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement;

DAVID J. VENTURELLA, Senior Official Performing the Duties of Director, U.S. Immigration and Customs Enforcement;

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and

TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

Case No. ________________

Hon. ____________________

**PETITION FOR TEMPORARY RESTRAINING ORDER**

**PETITIONER'S PETITION FOR TEMPORARY RESTRAINING ORDER**

1. Pursuant to Federal Rule of Civil Procedure 65(b), Petitioner Edgar Santiago Asimbaya Jaramillo ("Petitioner") respectfully requests a temporary restraining order ("TRO") pending adjudication of his Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed simultaneously herewith, and an order to show cause why a preliminary injunction should not issue pending the final disposition of the habeas petition. Petitioner is likely to succeed on the merits of his claims. Relief is necessary and appropriate to stop grave continuing injury and further irreparable harm to Petitioner.

2. Petitioner seeks a Temporary Restraining Order prohibiting Respondents, their officers, agents, employees, and all persons acting in concert with them, from (1) transferring

Petitioner outside the Eastern District of New York or to any undisclosed location, and (2) removing Petitioner from the United States, while his Petition for Writ of Habeas Corpus remains pending, without prior order of this Court.

3. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"), and is subject to transfer to a detention facility outside this District, or to removal from the United States, at any time. ICE arrested him on July 21, 2026, while he sat in his parked vehicle outside his residence in Bay Shore, New York, and transferred him to MDC Brooklyn within hours, before his family could learn what had happened. The speed of that first transfer demonstrates that further transfer can occur at any moment. Petitioner has now been held for more than two weeks without Respondents identifying any statutory basis for his custody.

4. Petitioner has filed a Petition for Writ of Habeas Corpus challenging the legality of his arrest and detention and alleging violations of the Fourth and Fifth Amendments, 8 U.S.C. § 1357(a)(2), 8 U.S.C. § 1226(a), and DHS's own regulations, 8 C.F.R. § 287.8. Respondents have identified no statutory basis for his custody, have shown or produced no warrant, have disclosed no contemporaneous finding that Petitioner was likely to escape before a warrant could be obtained, and have produced no individualized custody determination. Petitioner is therefore likely to succeed on the merits.

5. Petitioner's likelihood of success is particularly strong because no statute authorizes his custody. Section 1231 presupposes an administratively final order of removal, and none has ever been entered against Petitioner. Section 1226(a) authorizes arrest only "on a warrant issued by the Attorney General" and only "pending a decision on whether the alien is to be removed from the United States"; no warrant has been produced, and Petitioner's removal proceedings were

administratively closed in or about 2014 and have never been recalendared, so no decision on removal was pending when ICE seized him. Respondents were required to move to recalendar those proceedings before detaining Petitioner on that basis. 8 C.F.R. § 1003.18(c). Section 1225 addresses applicants for admission, not a man arrested outside his own home after approximately thirty-four years in the interior of the United States.

6. Transfer of Petitioner outside this District, or his removal from the United States, would interfere with this Court's ability to exercise jurisdiction over his habeas petition and would frustrate meaningful judicial review before Respondents have even certified the true cause of detention under 28 U.S.C. § 2243. See Ex parte Endo, 323 U.S. 283, 306–07 (1944); Ozturk v. Hyde, 136 F.4th 382, 393–94 (2d Cir. 2025).

7. Petitioner is not a danger to the community and does not pose a flight risk. He is forty-one years old and has lived in the United States for approximately thirty-four years, having arrived in or about June 1992 at the age of eight. In or about 2017, the federal government itself granted him deferred action under the Deferred Action for Childhood Arrivals program, together with employment authorization and a Social Security number,  an affirmative determination that he was not an enforcement priority. Upon information and belief, he has been gainfully employed transporting food products, has regularly filed tax returns for many years, and on information and belied, has no criminal convictions. He is the father of a United States citizen daughter and maintains an established residence in Bay Shore, New York, to which he can return immediately upon release. He intends promptly to pursue all available immigration remedies through counsel, giving him every incentive to remain available and appear.

8. Absent emergency injunctive relief, Petitioner faces irreparable harm, including disruption of attorney-client communication, diminished access to counsel, the practical loss of

this Court's jurisdiction over his habeas claims, and, if removal occurs before review, the complete destruction of the habeas remedy itself. Each day of unlawful detention is a continuing deprivation of liberty that no later decision can restore. Upon information and belief, Petitioner also suffers from high blood pressure requiring daily medication, so that continued detention and any further transfer carry a concrete and compounding risk to his health.

9. The balance of equities weighs sharply in Petitioner's favor. The requested relief does not release Petitioner or adjudicate any immigration question; it merely holds the status quo, Petitioner's presence within this District, while the Court determines whether his custody is lawful. Respondents suffer no cognizable harm from being required to keep a detainee where they themselves placed him. The requested relief serves the public interest by ensuring compliance with constitutional safeguards and with the Government's own statutes and regulations.

10. Accordingly, emergency relief is necessary to maintain the status quo pending resolution of Petitioner's habeas petition and to protect his constitutional rights. Petitioner respectfully requests that the Court enter a temporary restraining order in the form submitted herewith and issue an order to show cause why a preliminary injunction should not issue.

Dated: August 5, 2026

White Plains, NY

/s/ Peter Kapitonov
Peter Kapitonov, Esq.
Counsel for Petitioner
MUSA-OBREGON LAW P.C.
140 Grand Street, Suite 307
White Plains, NY 10601
peter.kapitonov@gmail.com
718-803-1000

/s/ S. Michael Musa-Obregon
S. Michael Musa-Obregon, Esq.
Counsel for Petitioner
MUSA-OBREGON LAW P.C.
140 Grand Street, Suite 307
White Plains, NY 10601
molawfirml@gmail.com
718-803-1000