**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

August 10, 2026

By ECF
Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Edgar Santiago Asimbaya Jaramillo v. Robert Brown*[1] *et al.*,
Civil Action No. 26-cv-4055 (Bulsara, J.)

Dear Judge Bulsara:

This Office represents Respondents in the above-captioned habeas petition filed by Petitioner Hongxu Jin ("Petitioner") on August 6, 2026, in which he challenges his detention by Immigration and Customs Enforcement ("ICE"). *See* Docket Entry ("DE") No. 1. Respondents respectfully submit this letter in response to Your Honor's Order dated August 8, 2026, which directed Respondents to "inform the Court of Petitioner's current location [and] any other locations where Petitioner has been held and the dates of any transfers since his initial detention, by August 10, 2026 at 5:00 P.M." DE dated Aug. 8, 2026. Additionally, the Court's Order directed Respondents to "file a response to the writ – including any legal or factual arguments why the writ should not be granted – by August 10, 2026 at 5:00 P.M.," or, "if this case is unique, and raises issues separate and apart from those raised in similar petitions, and as a result [Respondents] require additional time to provide some or all of the information requested, in lieu of responding at 5:00 P.M., they may file a request for additional time with a short explanation for why this case raises unique issues not previously decided."[2] *Id.*

For the reasons set forth herein, the Court should deny the habeas petition because Petitioner's arrest and detention is proper pursuant to 8 U.S.C. § 1226(a).

## BACKGROUND

### Immigration Background

Petitioner is a national and citizen of Ecuador and has been assigned Alien Number 094 023 031. *See* Declaration of ICE Deportation Officer Dmitry Rousseau dated August 10, 2026

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Robert Brown, Warden of the Metropolitan Detention Center in Brooklyn, New York, is automatically substituted for his predecessor Raul Maldonado.

[2] Respondents apologize for the delayed filing of this submission and respectfully request a *nun pro tunc* extension of time to file their response. The additional time was necessary to obtain the accompanying declaration and documents.

("Decl.") ¶¶ 2-3, submitted herewith. Petitioner entered the United States without inspection on an unknown date at an unknown location. *Id.* ¶ 4.

On or about September 23, 2009, Petitioner was encountered and arrested by ICE Enforcement and Removal Operations ("ERO"). *Id.* ¶ 7. On September 23, 2009, he was served with an I-862, Notice to Appear ("NTA"), which had been issued on September 10, 2009, charging him with violating Immigration and Nationality Act section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General and placed into removal proceedings. *Id.* ¶ 8. On or about October 14, 2009, Petitioner was granted bond in the amount of $10,000.00 by the assigned Immigration Judge ("IJ"). *Id.* ¶ 10.

On or about May 8, 2014, the IJ administratively closed Petitioner's removal proceedings due to Petitioner's pending Form I-821D, Consideration for Deferred Action for Childhood Arrivals ("DACA") which he had filed with the United States Customs and Immigration Services ("USCIS"). *Id.* ¶ 11. On or about October 2, 2014, USCIS approved Petitioner's DACA application. *Id.* ¶ 12. On or about May 9, 2022, Petitioner filed a renewal Form I-821D with USCIS, which USCIS denied on or about July 18, 2022. *Id.* ¶ 13.

On June 10, 2025, DHS filed a motion to recalendar Petitioner's immigration proceedings. *Id.* ¶ 16. Petitioner is currently scheduled for a Master hearing before an Immigration Judge on November 13, 2026. *See* *https://acis.eoir.justice.gov/en/* (enter A-No.: 094 023 031; and Nationality: Ecuador) (last visited August 10, 2026).

**Criminal Background**

On January 26, 2005, Petitioner was convicted upon a plea of guilty for Disorderly Conduct: Create Hazardous or Physically Offensive Condition. Decl.¶ 5.

On September 18, 2009, Petitioner was convicted upon a plea of guilty for Criminal Mischief: Intent to Damage Property. *Id.* ¶ 6.

On March 6, 2024, Petitioner was arrest by the Suffolk County Police Department ("SCPD") and charged with Criminal Possession Controlled Substance - 7th Degree, Criminal Possession Controlled Sub-3rd: Narc Drug Intent To Sell, and Criminal Possession Controlled Substance/Narcotic. *Id.* ¶ 14.

On October 24, 2024, Petitioner was arrested by SCPD and charged with Criminal Possession Controlled Substance-5th: Narcotic Drug. *Id.* ¶ 15.

On December 11, 2025, Petitioner was arrested by SCPD and charged with Criminal Sale Controlled Substance-3rd: Narcotic Drug. *Id.* ¶ 17.

On March 2, 2026, Petitioner was arrested by SCPD and charged with Criminal Possession Narcotic Drug-4th Degree. *Id.* ¶ 18.

All of the charges related to Petitioner's arrests by SCPD are currently pending. *Id.* ¶¶ 14-15, 17-18.

**Arrest and Detention Authority**

On July 15, 2026, ICE issued an I-200, Warrant for Arrest of Alien ("I-200"). *Id.* ¶ 20. The I-200 reflects that ICE had determined that there is "probable cause to believe that [Petitioner] is removable from the United States," based upon "the pendency of ongoing removal proceedings against the subject." *Id.*

On July 21, 2026, Petitioner was arrested by ICE pursuant to the I-200. *Id.* ICE officers then transported Petitioner to the Central Islip Hold Room for processing. *Id.* During processing Petitioner was served with a copy of the I-200. Also during processing, an individualized custody determination was conducted and, in the exercise of discretion under 8 U.S.C. § 1226(a), ICE determined that Petitioner should remain detained pending a final administrative decision in his removal proceedings. *Id.* ¶ 21. Petitioner was served with the Notice of Custody Determination ("Form I-286") advising him of ICE's decision to detain him under 8 U.S.C. § 1226 and of his right to request a custody redetermination hearing before an Immigration Judge. *See id.* Petitioner signed the Form I-286 on July 21, 2026, acknowledging receipt and requesting that an immigration judge review the custody determination. *Id.* Petitioner was detained pursuant to 8 U.S.C. § 1226(a). *Id.*

On July 21, 2026, after processing, ICE Officers transported Petitioner to the ICE temporary detention component at the Nassau County Correctional Center ("NCCC"). *Id.* ¶ 22. On July 24, 2026, Petitioner was transported from the NCCC to Delaney Hall Detention Center in New Jersey. *Id.* ¶ 23. On August 5, 2026, Petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he has remained since. *Id.* ¶¶ 24-25.

## ARGUMENT

**Petitioner Was Properly Detained And The Habeas Petition Should Be Denied**

Petitioner was arrested pursuant to an I-200, predicted on the pendency of ongoing removal proceedings against Petitioner, that was issued prior to Petitioner's arrest. Although Petitioner's removal proceedings had been administratively closed in 2014, he was, and is, nonetheless in ongoing removal proceedings. *See Reid v Bondi*, 132 F.4th 109, n.12 (2d Cir 2024) ("Administrative closure is 'a docket management tool that is used to temporarily pause removal proceedings.'") (citing *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 326 (A.G. 2021) (quoting *Matter of W-Y-U-*, 27 I. & N. Dec. 17, 18 (B.I.A. 2017)). Administrative closure "does not terminate or dismiss the case, but rather 'remove[s] a case from an Immigration Judge's active calendar or from the Board's docket.'" *Id.* (alteration in original) (quoting *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (B.I.A. 2012)). "The administrative closing of a case does not result in a final order. It is merely an administrative convenience which allows the removal of cases from the calendar in appropriate situations." *Id.* (quoting *Matter of Amico*, 19 I. & N. Dec. 652, 654 n.1 (B.I.A. 1988)). Because Petitioner's removal proceedings were administratively closed, and not

terminated, a new charging document (NTA) was not required. *See id.* ("By contrast, termination of proceedings is a process established by regulation that requires DHS "to file another charging document to initiate new proceedings.") (quoting *Matter of Avetisyan*, 25 I. & N. Dec. at 695).

The statutory basis for detaining Petitioner is 8 U.S.C. § 1226(a). Accordingly, ICE performed an individualized custody determination in connection with its detention of Petitioner, which commenced on July 21, 2026. Petitioner thereafter exercised his right to seek a redetermination from the immigration court, as set forth in 8 C.F.R. § 236.1(d)(1).

Petitioner is therefore properly being detained pursuant to § 1226(a), and his remedy, if any, is administrative. Under § 1226(a), the Government may arrest and detain an alien during his removal proceedings or release him on bond or conditional parole. Section 1226(a) provides, in relevant part, that:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General:
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole;

8 U.S.C. § 1226(a). By regulation, immigration officers conduct custodial determinations and may release aliens if the alien meets his burden of showing that he "would not pose a danger to property or persons" and "is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). *See Fontanelli, as Next Friend of Bernal Garcia v. Francis*, No. 25-cv-07715 (JLR), 2025 WL 2773234, at *4 (S.D.N.Y. Sept. 29, 2025) ("The Government's broad [post-arrest detention] discretion under § 1226(a) has a limitation: before the Government may exercise such discretion to detain a person, § 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination, specifically whether the noncitizen is a danger to person or property or persons and is likely to appear for any future proceeding.") (citations and internal quotation marks omitted); *Hamilton v. Shanahan*, No. 09-cv-6869 (SAS), 2009 WL 5173927, at *2 (recognizing that the alien bears the burden of proof). *See also Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (referring to "post-arrest custody determination" under § 1226(a).)

**The Court Lacks Jurisdiction To Review ICE's Custody Determination at This Time**

Once ICE makes the individualized custody determination, 8 U.S.C. § 1226(e) jurisdictionally bars courts from reviewing that determination. Section 1226(e) provides that

"[ICE]'s discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by [ICE] under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, "[a] district court has no authority to review ICE's discretionary determinations made under [Section 1226] or otherwise question their propriety." *Id.* (citing 8 U.S.C. § 1226(e)). *Fontanelli*, 2025 WL 2773234, at *4.

After ICE makes the custody determination, an alien can request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge ("IJ") at any time before a final order of removal is issued. *See* 8 C.F.R. § 236.1(d)(1). Under 8 C.F.R. § 1003.19(h)(3), an alien seeking a redetermination of custody conditions set by ICE before an immigration judge must "first demonstrate, by clear and convincing evidence, that release would not pose a danger to other persons or to property. If an alien meets this burden, the alien must further demonstrate, by clear and convincing evidence, that the alien is likely to appear for any scheduled proceeding or interview." *See Hylton v. Shanahan*, 2015 WL 3604328 (S.D.N.Y. June 9, 2015) (declining to shift burden of proof onto government in a bond hearing in immigration court where respondent was detained under § 1226(a)).

If dissatisfied with the IJ decision, the alien can seek review by the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 236.1(d)(3), 1003.19(F), 1003.38, 1236.1(d)(3). *See also Monterosa v. Decker*, No. 20-cv-02653, 2020 WL 1847771, at *3 (S.D.N.Y. Apr. 11, 2020) ("After ICE makes an initial detention decision, any person who is detained has the right to request a bond hearing before an Immigration Judge. [And] . . . Detainees have the right to appeal to the BIA the decision of an immigration judge in a bond proceeding.").

No judicial review is available. *See Arevalo-Guasco v. Dubois*, 788 Fed Appx. 25, 27 (2d Cir. 2019) (concluding that § 1226(e) "precludes judicial review of the IJ's weighing of evidence and factual findings regarding whether [Petitioner-Appellant] is a danger to the community"); *Hamilton v. Shanahan*, No. 09-cv-6869 (SAS), 2009 WL 5173927, at *3 ("Section 1226(e) specifically divests [district courts] of jurisdiction to review the decisions of the IJ and the BIA (acting on behalf of the Attorney General) regarding the detention of aliens under Section 1226.")

Here, ICE has made an individualized custody determination. Decl. ¶ 21; *id.* Exh. G. Petitioner requested review of that custody determination by an IJ. *Id.* Therefore, a review of the custody determination is in the hands of the IJ and Petitioner has not yet exhausted administrative remedies.

**Petitioner is Required to Exhaust Administrative Remedies**

Numerous courts in this Circuit have held that to the extent that habeas petitioners want to challenge the initial custody determination, ordinarily they must exhaust administrative remedies before seeking federal court intervention. *See, e.g.*, *Almonte Rojas v. Genalo*, No. 25-cv-6543, 2026 WL 275991, at *1 (E.D.N.Y. Feb. 3, 2026) (Komitee, J.) (citing *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025)); *accord Fontanelli*, 2025 2773224, at *5-*8. *See also Capunay Guzman v. Joyce,* 786 F.Supp.3d 865, 869 (S.D.N.Y. 2025); *J.C.G. v. Genalo*, No. 24-cv-8755 (JLR), 2025 WL 88831, at *4 (S.D.N.Y. Jan. 14, 2025); *Roman v. Decker*, No. 20-cv-

3752 (JGK), 2020 WL 4273823, at * 7 (S.D.N.Y. July 24, 2020); *Michalski v. Decker*, 279 F. Supp. 3d 487, 496 (S.D.N.Y. 2018); *Paz Nativi v. Shanahan*, No. 16-cv-8496, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) ("before immigration detention may be challenged in federal court by a writ of habeas corpus . . . exhaustion is generally required as a prudential matter" (collecting cases)). The exhaustion requirement aims to provide the agency with a chance to correct its own errors and "protect[ ] the authority of administrative agencies, limiting interference in agency affairs, and promoting judicial efficiency by resolving potential issues and developing the factual record." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.).

As Petitioner has received a custody determination pursuant to § 1226(a), he is required to exhaust his administrative remedies prior to seeking district court intervention and, therefore, the Petition should be denied and this action dismissed. *See, e.g.*, *Almonte Rojas*, 2026 WL 275991, at *1. As the court in *Castillo Lachapel* explained, "[i]f the immigration judge releases [petitioner] on bond, his [habeas petition would be moot . . . . And even if the immigration judge denies bond, [the] petition could be mooted if the Board of Immigration Appeals reverses that determination." 786 F. Supp. 3d at 864 (internal quotation marks and citation omitted).

Nor do any of the recognized exceptions to exhaustion apply here. A district court may in its discretion excuse exhaustion when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile and (4) in certain instances a plaintiff has raised a substantial constitutional question." *See Beharry*, 329 F.2d at 62. Numerous courts in this Circuit have also found that none of these exceptions apply where, as here, an immigration judge or the BIA could release a habeas petitioner detained under 8 U.S.C. § 1226(a) on bond. *See, e.g.*, *Castillo Lachapel*, 2025 WL 1685576 at *3; *Capunay Guzman*, 2025 WL 1696891 at *2-*3; *Monterosa*, 2020 WL 1847771 at *6-*7; *Roman*, 2020 WL 4273823, at *7; *Michalski*, 279 F. Supp. 3d at 496.

With respect to the first exception, as explained above, Petitioner has available administrative remedies—a bond hearing with an immigration judge *and* appeal of the immigration judge's decision, if adverse, to the BIA. *See Castilla Lachapel*, 2025 WL 1685576, at *3 (describing the two levels of administrative review available to petitioner). "Because [Petitioner]'s [potential] bond hearing may provide him with the relief that he seeks—i.e., his release—this Court concludes in the exercise of its discretion that [Petitioner] must exhaust these avenues before seeking judicial relief." *Id.* (internal quotations and citations omitted). *See Michalski*, 279 F. Supp. 3d at 496 (finding that a scheduled bond hearing "scuttles" petitioner's habeas petition because the immigration judge could release him on bond making his habeas petition moot); *Paz Nativi*, 2017 WL 281751, at *2 ("The pendency of a BIA appeal that could potentially moot [petitioner's] habeas petition counsels for the Court to stay its hand until the exhaustion of administrative review in the name of preserving scarce judicial resources and avoiding the possibility of duplicative or conflicting rulings."). Petitioner here had requested a review of the custody determination by the IJ.

The second exception is also inapplicable. Petitioner cannot show irreparable harm at this time. Now that he has received an individualized custody determination and availed himself of available administrative remedies, jurisdiction lies with the immigration court. *See Capunay Guzman*, 2025 WL 1696891, at *1, *3 (where petitioner had been detained for nineteen days

"'[t]he risk of prolonged detention'—as opposed to actual prolonged detention—'does not constitute an irreparable injury that excuses the prudential exhaustion requirement'") (quoting *Roman*, 2020 WL 4273823, at *8). Here, Petitioner's 20 days of detention since his July 21, 2026 arrest does not constitute an "irreparable injury that excuses the prudential exhaustion requirement".

Similarly, as to the third exception, Petitioner cannot show that a bond hearing would be futile. *See Michalski*, 279 F. Supp. 3d at 496; *Capunay Guzman*, 2025 WL 1696891, at *2 (petitioner's "arguments concerning the futility of any bond motion are similarly premature, as he has not yet made a motion for bond"); *see also Cabral v. Decker*, 331 F. Supp. 3d 255, 263 n. 6 (S.D.N.Y. 2018) ("[T]he question of whether the petitioner's yet-to-happen bond hearing complies with due process is not before this Court."). Moreover, that fact that an argument "would likely have failed is not tantamount to stating that it would have been futile to raise it; and indeed, many of the purposes for requiring exhaustion would have been served had [Petitioner] raised the claim below." *Beharry*, 329 F.3d at 62.

With respect to the fourth exception, "[m]ere existence of a constitutional issue . . . does not create an automatic exception to an exhaustion requirement." *Monterosa,* 2020 WL 1847771, at *5. "Thus, when applying this exception, 'courts will endeavor to avoid deciding a constitutional issue if the case might be resolved on a narrower factual basis.'" *Capunay Guzman*, 2025 WL 1696891, at *3 (quoting *Monterosa*, 2020 WL 1847771, at *5). As the court in *Capunary Guzman* noted, only a few courts in this Circuit have excused exhaustion under the fourth exception in cases where the petitioner had been detained and denied bond at the bond hearing, or was not yet detained and sought to prevent re-detention. *See id.* (collecting cases). Here, Petitioner was arrested pursuant to an I-200, while in ongoing removal proceedings, and detained pursuant to 8 U.S.C. § 1226(a). He received an initial custody determination and has requested that that determination be reviewed by an Immigration Judge. Thus, he has received all of the process that he is due at this time.

Based on the foregoing, Respondents submit that the Petition should be denied.

Respectfully submitted,
JOSEPH NOCELLA JR.
United States Attorney

By: /s/ Thomas R. Price
THOMAS R. PRICE
Assistant U.S. Attorney
(631) 715-7893

cc: Via ECF
All counsel of record